NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ROBERT L., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.L., *Appellees.*

No. 1 CA-JV 21-0090
FILED 9-14-2021

---

Appeal from the Superior Court in Mohave County
No. B8015JD201904065
The Honorable Rick A. Williams, Judge

**AFFIRMED**

---

COUNSEL

The Law Offices of Michael and Casey, Phoenix
By Robert Ian Casey, Sarah J. Michael
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer Blum
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S,** Judge:

¶1        Father, Robert L., appeals the superior court's denial of his motion to continue his termination hearing. Because the superior court did not abuse its discretion by denying father's motion, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        DCS removed A.L. from mother's care and placed A.L. with maternal grandparents. Father had no parental relationship with A.L. up to that point. DCS later located father to determine whether he was capable of parenting A.L. and established a case plan of family reunification. When father did not complete court-mandated services, the case plan changed to severance and adoption. DCS ultimately moved to terminate father's parental rights. The superior court set an initial termination hearing for July 2, 2020, and then reset the hearing for September 3, 2020.

¶3        At mother's request, the superior court again continued the initial termination hearing to October 1, 2020. Father, through his court-appointed counsel, agreed to continue because he had concerns about a DCS report and whether it correctly reflected his compliance. At the October hearing, the superior court set trial for December 3, 2020, with a pretrial conference set for November 5, 2020.

¶4        At the November pretrial conference, father requested new counsel. The superior court denied father's request. Father later asked to continue the December trial, which the superior court granted, moving father's trial date to February 12, 2021.

¶5        The day before the February trial, father again moved to continue. Father's reason for the second request was his "decision to retain counsel." To give new counsel time to prepare, father asked for sixty days.

¶6        On February 12—the date set for trial—the superior court heard arguments on father's motion to continue. Father's counsel said father was not "being . . . helpful" and father "certainly [didn't] have faith in [counsel's] ability to adequately represent him." Father's counsel asked to withdraw and to allow a new firm to substitute because "presumably they'll have a much better relationship with" father. Father's purported new counsel made no appearance.

¶7        The child's guardian ad litem (GAL) voiced concerns about a continuance, noting father might not come back with new and prepared

counsel. The GAL took no further position because he did not know the full details of the alleged breakdown of the attorney-client relationship.

¶8 The State's counsel acknowledged contact from a law firm purporting to represent father. The last contact was January 20, 2021—three weeks before trial. The State's counsel argued the motion was a delay tactic. The State's counsel also noted the difficulty in re-assembling the witnesses for a later trial.

¶9 After hearing the arguments, the superior court denied the motion. The superior court noted the need to resolve cases timely, especially when the "best interests of the child are at play." The superior court recognized only good cause can overcome the child's best interests and father's belated desire to hire new counsel did not meet the standard, especially given father had "known for almost 9 months that this day was coming."

¶10 The superior court also opined on the alleged breakdown of the attorney-client relationship. The superior court acknowledged father's right to counsel, but said it was "really up to that litigant as far as how [to] utilize the tools that are provided," and no one can "force a client to cooperate necessarily."

¶11 In denying father's motion, the superior court concluded:

> So, when I hear about difficulties, I think that's at [father's] peril in this case. I know he moved for a new attorney back in November, and that was denied, and he still had an obligation to work with [his appointed counsel] between that point and trial today.

¶12 Father's counsel asked the court to reconsider, saying father hampered the representation by not disclosing something father claimed he had in his possession. The superior court denied the request. After a fifteen-minute recess, father's counsel told the superior court she was ready to proceed.

¶13 After the termination hearing, the superior court granted the State's motion to terminate father's parental rights to A.L., concluding father "substantially neglected or willfully refused to remedy the circumstances that cause[d] the child to be in an out-of-home placement." *See* A.R.S. § 8-533.B.8(a).

**¶14**        Father timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

### I.        The superior court did not abuse its discretion when it denied father's requested continuance.

**¶15**        In juvenile proceedings, "[a]ny motion to continue shall be made in good faith and shall state with specificity the reasons for the continuance" and requires a showing of good cause. Ariz. R.P. Juv. Ct. 46.F. Motions to continue are left to the superior court's sound discretion, and this court will affirm "absent a clear abuse of discretion." *Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990). This court does not re-weigh the evidence, deferring to the superior court. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000).

**¶16**        Parental rights are fundamental liberty interests, but they are not the same as a criminal defendant's liberty interests in a criminal proceeding. *See John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 324, ¶ 15 (App. 2007). "Unlike a criminal proceeding, which implicates the personal liberty interest of a criminal defendant, a termination proceeding involves more than a parent's fundamental liberty interest in the care, custody, and control of [a] child." *Id.* This court, therefore, interprets Rule 46.F "in a manner designed to protect the best interests of the child, giving paramount consideration to the health and safety of the child." Ariz. R.P. Juv. Ct. 36. To that end, "prompt finality . . . protects the child's interests." *Pima Cnty. Juv. Action No. S-114487*, 179 Ariz. 86, 97 (1994). Indeed, "[t]he law favors rapid placement so that the child can bond with those who will be the legal parents and not with those from whom the child may be taken." *Id.*

**¶17**        Here, the superior court considered the child's best interests, explaining the need for a timely trial. At the same time, it weighed other factors, including father's desire to hire presumably more compatible counsel. The superior court, however, did not find good cause to grant father's motion. The superior court also considered father's alleged failure to disclose something favorable to father but considered the non-disclosure something within father's control, not necessarily the fault of his attorney.

**¶18**        We conclude nothing in the record to establish the superior court acted unreasonably or based on untenable grounds. Accordingly, we affirm the superior court's order denying father's motion to continue.

**II.     Father's ineffective assistance of counsel argument, if it is a viable argument, is both insufficient and undeveloped.**

**¶19**        Father alludes to an ineffective assistance of counsel claim but fails to develop a cognizable argument. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("arguments not supported by adequate explanation, citations to the record, or authority" are waived). Even in the absence of waiver, no Arizona law establishes an ineffective assistance of counsel claim in juvenile cases. *See John M.*, 217 Ariz. at 323–25, ¶¶ 12–17. And this court will not create one. *See Emily B. v. Dep't of Child Safety*, 1 CA-JV 19-0150, 2020 WL 2846523, at *17, ¶ 37 (Ariz. App. June 2, 2020) (mem. decision) (noting juvenile ineffective assistance of counsel "questions will remain unless or until the legislature enacts legislation or the Arizona Supreme Court rules on the issue").

**CONCLUSION**

**¶20**        We affirm.

